■ CONSTANCE E. GERHART et al., Appellants, v HONEOYE STORAGE CORPORATION, Respondent. (Appeal No. 1.) — Order unanimously modified and, as modified, affirmed, in accordance with same memorandum as in *Gerhart v Honeoye Stor. Corp.* (Appeal No. 2) (88 AD2d 757). (Appeal from order of Supreme Court, Ontario County, Siracuse, J. — condemnation damages — interrogatories.) Present — Simons, J. P., Hancock, Jr., Doerr, Moule and Schnepp, JJ.

■ CONSTANCE E. GERHART et al., Appellants, v HONEOYE STORAGE CORPORATION, Respondent. (Appeal No. 2.) — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: In this proceeding claimants seek compensation for the condemnation and use of their lands for the underground storage of gas and the value of any commercially recoverable native gas present in the condemned property (ECL 23-1303). In condemnation proceedings our rules provide that all appraisal reports intended to be used at the trial be exchanged by the parties; that disclosure proceedings are deemed waived unless commenced within 10 days and completed within 40 days after the note of issue is filed; and, that Special Term upon good cause shown may relieve a party of a default in the service of a report and extend the time for exchanging reports (22 NYCRR 1024.24). Claimants' appeals are from orders vacating various of their interrogatories and denying their application to extend the time to complete discovery and exchange appraisals. In our view Special Term properly directed the condemnor to answer interrogatories related to past use and gas production figures which are essential to claimants' allegations that their property contains commercially recoverable native gas, and did not abuse its discretion in vacating the remainder of the demands which constitute a voluminous request for irrelevant or privileged material. The gist of claimants' request for an extension of time to exchange appraisals is that geological and gas production data from the past and present users of the subsurface property is essential to complete the appraisal; that this requires access to data which exists but is not possessed by claimants; that numerous and complex figures are involved; and, that 120 days are needed to finish the appraisal after the data is obtained. Special Term's extension of time for the exchange of appraisals to August 31, 1981 did not face the reality of claimants' difficulties in completing their appraisal. Substantial proof before Special Term established that claimants' appraisal involves geological testing and reliance on data sought from the contested interrogatories. Thus, any extension of time should be keyed to the receipt of the answers to the interrogatories. The only evidence before Special Term established that a period of 120 days was needed to complete the appraisal report after the receipt of this information. The penalty for failure to exchange the appraisal report, i.e., the preclusion from offering any expert testimony as to the value of the condemned property (22 NYCRR 1024.24 [e]), is tantamount to a dismissal of the claim. We, therefore, modify the orders of Special Term and extend the time for claimants to complete and exchange all appraisal reports intended to be used at trial to 120 days following receipt by claimants of condemnor's answers to the interrogatories, or, if the answers have now been provided, to 120 days from the entry of the order of this court. (Appeal fom order of Supreme Court, Ontario County, Siracuse, J. — supplemental interrogatories.) Present — Simons, J. P., Hancock, Jr., Doerr, Moule and Schnepp, JJ.